**FOURTH DIVISION**
**MCFADDEN, P. J.,**
**WATKINS and PADGETT, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules**

**December 11, 2025**

# In the Court of Appeals of Georgia

A26A0903. HESTER v. THE STATE.

MCFADDEN, Presiding Judge.

On October 23, 2025, Brenton Hester pled guilty to several felony offenses and the trial court sentenced him to 15 years in confinement. He appeals from the entry of the plea and sentence. We lack jurisdiction, so we dismiss the appeal.

In 2025, our General Assembly changed the way in which a defendant may obtain appellate review of a guilty plea. "Effective May 14, 2025, the legislature amended OCGA § 5-6-35(a), adding a new subsection (5.3), which requires '[d]irect appeals from guilty pleas' to be initiated by filing an application for discretionary review." *Clark v. State*, ___ Ga. App. ___ (2025), A25A2036, slip. op. at 1, n. 1 (Ga. App. Dec. 5, 2025).

So to appeal from his October 23, 2025 guilty plea and the sentence imposed thereon, Hester was required to file an application for discretionary review. See OCGA § 5-6-35(a)(5.3). He did not do so. Because compliance with the discretionary appeals procedure of OCGA § 5-6-35 is jurisdictional, Hester's failure to follow that procedure deprives us of jurisdiction over this appeal, and we must dismiss it. See *Phaneuf v. Anthony*, 375 Ga. App. 636, 638 (917 SE2d 191) (2025).

*Appeal dismissed. Watkins and Padgett, JJ., concur.*